**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel F. Hoemke, et al., | No. CV-20-01317-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Macy's West Stores LLC, et al., | |
| Defendants. | |

The parties have filed a stipulation to amend the caption to reflect that "Macy's West Stores, Inc. changed its name to Macy's West Stores, LLC," such that the latter is the correct name for the Macy's entity involved in this action. (Doc. 12 at 1.) The parties also ask the Court "to dismiss Macy's West Stores, Inc." upon adding "Macy's West Stores, LLC." (*Id*.) Finally, the parties stipulate that the answer filed by Macy's West Stores, Inc. and Blue Chip 2000 Commercial Cleaning, Inc. ("Blue Chip") (Doc. 10) "can stand for" Macy's West Stores, LLC's answer, such that no further answer from the non-fictitiously-named defendants in this action would need to be filed. (Doc. 12 at 2.)

"[T]he caption of an action is only the handle to identify it." *Hoffman v. Halden*, 268 F.2d 280, 303 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962). There is very little case law regarding the legal standard for amending a caption, and no federal or local rule governs caption amendments. *Sallie Mae Servicing LP v. Lee*, 2016 WL 613963, *3 (D. Ariz. 2016) ("The Court has not found any

case law on the standard for amending captions of a judgment.").[1]  In the absence of authority to the contrary, it appears that whether to amend a case caption is within the Court's discretion and should be based on factors such as promoting clarity and avoiding confusion.

Obvious reasons for requiring that a caption be maintained consistently throughout the entirety of an action include organizational matters, ease of reference, and case cohesion for posterity.  "[T]he caption is chiefly for the court's administrative convenience."  *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1024 (11th Cir. 2001) (en banc), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).[2]  For this reason, the Court does not generally grant motions to amend the caption of a case each time a defendant is dismissed (*e.g.*, after a defendant succeeds on a Rule 12(b) motion) during the course of litigation, as it would be confusing for the case name to continually change as the litigation unfolds.  Moreover, the caption ought to reflect all parties involved in the action, including those that secure dismissal.

On the other hand, courts routinely grant motions or stipulations to amend case captions (or amend the caption *sua sponte*) when a party has merely been misnamed or when a party's name is misspelled.  *See, e.g.*, *Twitch Interactive, Inc. v. Johnston*, 2019 WL 3387977, *3 (N.D. Cal. 2019) ("The Court finds that it would be in the interest of justice to include [a defendant's real name, rather than the pseudonym used in the original caption] because it will ensure that the correct person is named and properly held accountable."); *Paatalo v. First Am. Title Co. of Montana*, 2014 WL 858999, *2 (D. Mont.

---

[1] Only two Federal Rules of Civil Procedure appear to mention the caption.  They are Rule 10(a), which states that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation," And Rule 7(b)(2), which states that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."  Thus, although it is clear that pleadings, motions, and other papers must contain a caption, Rules 7(b) and 10(a) provide no guidance concerning the circumstances in which a caption should be amended.

[2] Indeed, "the caption is not determinative as to the identity of the parties to the action, the district court's personal jurisdiction over the defendant, or its subject matter jurisdiction over the claims."  5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1321 (4th ed. 2020).

2014); *Susilo v. Wells Fargo Bank, N.A.*, 2012 WL 5179531, *3 (C.D. Cal. 2012).[3]

Nevertheless, "there is a difference between correcting a misnomer and changing a party." *Paatalo*, 2014 WL 858999 at *2 (internal quotation marks and citation omitted). Here, it's not as though part of the name "Macy's West Stores" was misspelled, or a word was omitted or added or changed. The difference between "Macy's West Stores, Inc." and "Macy's West Stores, LLC" appears to be the difference between two different organizational forms—that of a corporation and that of an unincorporated entity—which have different legal statuses. And if the organizational structure is fundamentally changed along with the name, such an event appears to be more than a name change—it's the formation of a new legal entity.

Such a change could implicate the Court's subject matter jurisdiction. The notice of removal, which "Macy's West Stores, Inc." filed (along with Blue Chip) on July 2, 2020, asserts that "Macy's West Stores, Inc." (abbreviated in the notice of removal as "Macy's") "is a corporation organized under the laws of the state of Ohio with its principal place of business located in Ohio." (Doc. 1 ¶ 9.) Although a corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business," *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994), an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any

---

[3] Other reasons that might justify amending a case caption include "an erroneous designation of the capacity in which a party is suing or being sued, or the identification of something that is not a legal entity." Wright and Miller, *supra* n.2.

time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Because the legal status of the "Macy's" entity in this action now appears unclear, the motion to amend caption will be denied. Moreover, the "Macy's" entity (Macy's West Stores, Inc. and/or Macy's West Stores, LLC) defending this action must file an amended notice of removal, clarifying (1) whether and when the entity "changed its name" from "Macy's West Stores, Inc." to "Macy's West Stores, LLC," (2) whether the entity is currently an LLC, and (3) affirmatively alleging the entity's citizenship for diversity jurisdiction purposes under the proper test. *NewGen*, 840 F.3d at 612 ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings.").[4] Failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that the parties' stipulation (Doc. 12) is denied.

**IT IS FURTHER ORDERED** that removing Defendants shall file an amended notice of removal properly stating a jurisdictional basis for this action in accordance with the requirements of this Order no later than **September 16, 2020.**

**IT IS FURTHER ORDERED** that if Defendants fail to file an amended notice of removal by September 16, 2020, the Clerk of Court shall remand this action to state court.

Dated this 2nd day of September, 2020.

Dominic W. Lanza
United States District Judge

---

[4] To be clear, if "Macy's West Stores, LLC" is indeed an LLC, it must list its own members and affirmatively allege the citizenship of each, using the proper legal standard for each—it must include the place of domicile for members who are natural individuals, the place of incorporation and principal place of business for members that are corporations, and, if any of its members are LLCs, the citizenship of each of the member LLC's members must be alleged, again using the proper legal standards.

- 4 -